Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875
fax:    (888) 777 4352
sparkslawoffice@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTHER HORSCHEL,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN ZINKE,<br>SECRETARY OF the DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Case No. _____<br><br>COMPLAINT |

COMES NOW Plaintiff, Esther Horschel, by and through her attorney, Robert A. Sparks, the Law Office of Robert A. Sparks, and for her Complaint against the Defendant Ryan Zinke, Secretary of the Department of the Interior, and alleges as follows:

1. Plaintiff Esther Horschel was employed by the Department of the Interior, Bureau of Land Management Alaska Fire Service (BLM/AFS) as a seasonal fire dispatcher at Ft. Wainwright, Alaska, during the relevant time periods described in this complaint.

2. Defendant Ryan Zinke, Secretary of the Department of the Interior is joined as the head of the agency employing Plaintiff Horschel.

3. During 2010, Plaintiff Horschel submitted a timely application for position of Fire Coordination Officer (GS-0462-

08FPL0462-10 under vacancy announcement BLM AK-10-347267-JE. Plaintiff Horschel was highly qualified for the position and was determined to meet the requirements for the position by the agency.

4. During 2010, Plaintiff Horschel also submitted a timely application for the position of Geographic Information Systems (GIS) Specialist, GS-1301-90, FPL GS-13011-11 under vacancy announcement number BLM-AK 365322-JE. Plaintiff Horschel was highly qualified for the GIS position and was determined to meet the requirements for the position by the agency.

5. On June 28, 2010, Plaintiff Horschel was notified that she was not selected for the position of Fire Coordination Officer. A substantially less qualified Caucasian female was selected for the position. The Caucasian female selectee for the position had previously admitted to Plaintiff Horschel that the selectee did not possess the minimum qualifications to apply for the position. The Caucasian female selectee for the position told Plaintiff Horschel prior to the selection for the position that the Caucasian female employee did not possess the actual "on the fire line" experience required for the supervisory position that Plaintiff Horschel possessed.

6. On or about August 13, 2010, Plaintiff Horschel was notified that she was not selected for the GIS position. The person selected for the GIS position was a Caucasian male who had worked for the BLM in Anchorage, Alaska for less than 1 year. This was the 3rd selection for this same GIS position. The Caucasian male did not meet the minimum qualifications to apply for the GIS position the first 2 times that it was advertised by

BLM. The selecting official Beverly Fronterhouse got the BLM Human Resources Office to reduce the GIS position from a GS 9-11 position to a GS 7-11 position to allow the Caucasian male to qualify to apply for the position. The selecting official Beverly Fronterhouse then attempted to get the BLM Personnel Office to allow her to hire the Caucasian male for the GIS position without competition. When Ms. Fronterhouse was not allowed to hire the Caucasian male for the GIS position without competition, she subjected Plaintiff Horschel to disparate treatment when Ms. Fronterhouse selected the substantially lesser qualified Caucasian male for the position without requiring him to submit to an interview and used Plaintiff Horschel's prior interview for the position against Plaintiff Horschel. Ms. Fronterhouse justified her decision by falsely claiming that the Caucasian male had a master's degree in GIS.

7. At the time that Plaintiff Horschel was notified that she had not been selected for these two positions, she was working for the BLM in a remote site in Galena, Alaska.

8. There was no EEO information posted in the BLM offices occupied by Plaintiff Horschel in Galena, Alaska, during June, July and August 2010.

9. Ms. Horschel contacted Robert Palos, the EEO Officer for the Ft. Wainwright BLM offices regarding her nonselection for both positions. Ms. Horschel contacted Mr. Palos initially in July 2010 regarding unfair treatment of her in the nonselection for the Fire Coordination Officer position and subsequently contacted Mr. Palos in August 2010, about unfair treatment of her in the nonselection for the GIS position.

10. Ms. Horschel did not receive information about the status of her complaints from Mr. Palos, did not receive any information about the EEO process and she reasonably assumed that he was continuing to investigate her complaints until she confronted Mr. Palos in December 2010 and asked him about the status of her complaints. Plaintiff Horschel was subsequently told by the Associate Manager of the Alaska Fire Service that nothing would be done regarding Plaintiff Horschel's complaints about unfair treatment and discrimination in the selection for the two positions. Ms. Horschel was first given information by Mr. Palos about the EEO process in December 2010.

11. Based on erroneous information that she received from Mr. Palos, Plaintiff Horschel subsequently initiated two complaints with the MSPB concerning her nonselections for the GIS and Fire Coordination Officer positions during December 2010, following Plaintiff Horschel's receipt of the information that the Alaska Fire Service did not intent to take any action to address her complaints.

12. The MSPB lacked jurisdiction over Plaintiff Horschel's two December 2010 filings regarding selection for the two BLM/AFS positions and her MSPB complaints were subsequently dismissed in 2011 for lack of jurisdiction by the MSPB.

13. While Ms. Horschel's MSPB complaints were pending, she contacted Yuko Meegan at the combined Human Resources Office and subsequently an EEO Counselor at the Alaska Fire Service during January 2011 and requested to begin EEO counseling for her 2 non-selection discrimination complaints, alleging that she had been subjected to discrimination because her non-selections for the

Horschel v. Zinke
page 4

two positions were due to Plaintiff Horschel's Race (Asian), national origin (Vietnamese ancestry), color (Brown) and sex (Female).

14. Following Ms. Horschel's initiation of EEO counseling in January 2011, she called her then BLM/AFS supervisor Pat O'Brien in late February or early March 2011 to discuss scheduling of her seasonal return to work. Mr. O'Brian was very harsh in his tone in speaking with Plaintiff Horschel and he interrogated Plaintiff Horschel about allegations Plaintiff had included in her MSPB Complaints. Mr. O'Brian demanded that Plaintiff Horschel explain how he had "denied her training." Ms. Horschel was shocked by the aggressive questioning by Mr. O'Brian and had a panic attack and could not continue with her phone conversation with Mr. O'Brian. Mr. O'Brian wanted to harass Plaintiff Horschel because of the allegations in her MSPB complaint that she had been discriminated against by being denied training. Mr. O'Brian's actions constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's her prior protected activity.

15. Plaintiff Horschel subsequently met with her doctor and received a note requesting that she be allowed extended sick leave from work.

16. During March or early April 2011, Plaintiff Horschel learned that her AFS supervisor, Pat O'Brian, had called Plaintiff's doctor to inquire whether the doctor had actually

Horschel v. Zinke
page 5

written a doctor's note Plaintiff had provided to the Alaska Fire Service requesting sick leave from work. Pat O'Brian's actions constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's her prior protected activity.

17. Due to the harassment she received from Mr. O'Brian about her allegations of unfair treatment concerning traing, Plaintiff Horschel became concerned about returning to her regular job with the BLM for the summer and she requested to be detailed to an Intelligence officer position advertised under an interest announcement dated April 28, 2011.

18. Plaintiff Horschel was not selected for the detail to the Intelligence officer position advertised under an interest announcement dated April 28, 2011, and the BLM selected a substantially lesser qualified person for the detail to the Intelligence officer position during 2011, Cheryl Vander Horn. Plaintiff Horschel's nonselection for the Intelligence Officer position in May 2011, constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's her prior protected activity.

19. Plaintiff Horschel had submitted confidential medical information to the BLM during July 2010 and the Spring of 2011, concerning her medical condition and treatment, in connection with her sick leave requests.

Horschel v. Zinke
page 6

20. Plaintiff Horschel learned in July 2011 that a co-worker Ed Haen, who was employed as a cook and who had no right to access any information about Plaintiffs medical conditions was making statements in the workplace that Plaintiff Horschel was on sick leave to see a "head doctor". The only possible source of this information in the workplace was unauthorized disclosure by BLM/AFS personnel of the medical information that had been submitted by Plaintiff Horschel to the BLM/AFS in support of her sick leave requests. Unauthorized disclosure of Plaintiff's confidential medical information constituted violation of the Americans with Disabilities Act, Rehabilitation Act (29 U.S.C. § 701 et seq.; 42 USC 12112(d); 29 C.F.R. §1630.14(c)(1)), disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

21. Plaintiff Horschel's preexisting medical conditions of Severe Anxiety, Severe Depression and Severe PTSD were severely aggravated by the discrimination that she had experienced in the workplace to the extent that Plaintiff Horschel was unable to attend work and she was forced to request additional extended sick leave at the end of April and beginning of May 2011.

22. In response to Plaintiff Horschel's request for additional extended sick leave, her supervisor at BLM, Pat O'Brien made a grossly overly broad medical request for all of Ms. Horschel's medical records, violating Plaintiff Horschel's rights under the Americans with Disabilities Act and

Rehabilitation Act and disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

23. Due to the severe aggravation of the symptoms of Plaintiff Horschel's preexisting conditions caused by Defendant's agents previously described discriminatory actions, Plaintiff Horschel was concerned about running out of leave and submitted a request on May 26, 2011 to her supervisor Pat O'Brien to participate in the BLM leave share program. Defendant BLM failed to respond to Plaintiff's May 26, 2011 request to participate in the leave-share program until approximately July 21, 2011.

24. When Defendant did respond to Plaintiff's request, the agent selected by Defendant, Mildred Riley, even though she had received information about Plaintiff's fragile emotional condition and Severe Anxiety, Severe Depression and Severe PTSD, engaged in a very hostile, interrogating and abusive conversation with Plaintiff Horschel, causing Plaintiff Horschel to suffer an immediate panic attack during their phone call. During the time period Plaintiff Horschel was discriminated against by being denied participation in the BLM leave share program, Plaintiff Horschel accumulated approximately 100 hours of leave without pay. Defendant's actions in delaying Plaintiff Horschel's access to the leave share program constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD)

Horschel v. Zinke
page 8

Case 4:18-cv-00006-HRH   Document 1   Filed 02/28/18   Page 8 of 20

and in reprisal for Plaintiff's her prior protected activity.

25. Prior to contacting Plaintiff Horschel about her application for the leave share program, Defendant BLM's agent, Mildred Riley, received an unauthorized disclosure of highly confidential medical information that Plaintiff Horschel had submitted to the BLM in support of Plaintiff Horschel's separate Reasonable Accommodation request.

26. Defendant's agent Mildred Riley was not involved in the reasonable accommodation program and was only supposed to receive the information and documents that Plaintiff Horschel had submitted with her May 26, 2011, request to participate in the leave share program.

27. Defendant's agent's action in providing Mildred Riley with Plaintiff's documents and confidential medical information supporting Plaintiff Horschel's reasonable accommodation requests was an unauthorized disclosure of confidential medical information and a violation the Americans with Disabilities Act and Rehabilitation Act and discrimination against Plaintiff Horschel because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

28. Plaintiff Horschel subsequently received a detail to the Fairbanks District Office during June through August 2011.

29. On or about June 13, 2011, immediately prior to Plaintiff Horschel's detail to the Fairbanks District Office, Plaintiff Horschel's soon to be acting supervisor, Jekenia Ross, announced to the Fairbanks District Office staff at a staff

meeting that Ms. Horschel had received a detail to the Fairbanks District Office as a reasonable accommodation. This disclosure by Ms. Ross constituted an unauthorized disclosure of Plaintiff Horschel's sensitive medical information in violation of the Americans with Disabilities Act and the Rehabilitation Act.

30. Plaintiff Horschel's supervisor at the Fairbanks District Office, Jekenia Ross, approached Plaintiff Horschel during July 2011 and expressed to Ms. Horschel how well her work performance had been in the detail and asked if Plaintiff Horschel could extend her detail at the Fairbanks District Office for an additional 30 days.

31. Plaintiff Horschel subsequently suffered an aggravation of her disability symptoms and had to use her sick leave during her employment at the Fairbanks District Office.

32. Plaintiff Horschel returned from her sick leave and her acting supervisor, Ms. Ross, told Plaintiff Horschel that Ms. Ross had changed her mind and did not want to extend Plaintiff Horschel's detail at the Fairbanks District Office. Ms. Ross subsequently detailed a Caucasian BLM employee from out of town to the position formerly occupied by Plaintiff Horschel. The replacement employee was more expensive, because she received travel expenses and per diem from Anchorage. The denial of the extension of the detail to the Fairbanks District Office by Ms. Ross was disparate treatment discrimination against Plaintiff Horschel because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

33. Due to Plaintiff Horschel's disabilities of severe Anxiety, Severe Depression and Severe PTSD, Plaintiff Horschel was experiencing adverse symptoms at work at the Fairbanks District Office. Plaintiff Horschel's acting supervisor, Jekenia Ross, called Plaintiff into Ms. Ross's office and asked Plaintiff Horschel if she was sick. Plaintiff Horschel told Ms. Ross that Plaintiff was sick and needed to go home. Ms. Ross accused Ms. Horschel of being pregnant, which was false. Ms. Ross then asked Plaintiff Horschel if she was under the influence of any medication. Plaintiff Horschel told Ms. Ross that she had taken medication the night before but that the medication was no longer effecting Plaintiff Horschel. Ms. Ross told Ms. Horschel to go back to her desk to complete her work before going home. Ms. Horschel went back to work for at least an hour and possibly as much as several hours.

34. The next thing Ms. Horschel knew is that she was being contacted by a federal law enforcement officer at the Fairbanks District Office who told Ms. Horschel that Ms. Ross and management wanted to sobriety test Plaintiff Horschel.

35. Plaintiff Horschel was then taken into custody by the federal law enforcement official at the request of Ms. Ross and her supervisor, even though the law enforcement official told Plaintiff Horschel that he could tell from speaking to her that she was not impaired or under the influence of any substance. Plaintiff Horschel was then forced to call a friend for a ride home from work and was forced to leave her car at work. These actions violated Plaintiff Horschel's rights because Ms. Ross and the law enforcement officer were acting on a discriminatory

stereotype that Ms. Horschel's appearance, that resembles an Alaska Native person, suggested that Ms. Horschel had been drinking or was under the influence of drugs or alcohol. Ms. Ross, her supervisor and the law enforcement official failed to follow the DO/BLM substance abuse policy in reporting Plaintiff Horschel to law enforcement and in directing the law enforcement personnel to conduct "sobriety testing" of Plaintiff Horschel and in detaining Plaintiff Horschel and forcing her to obtain a ride home from work. The actions of Ms. Ross, her supervisor and the law enforcement officer, constitute disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's her prior protected activity.

36. Plaintiff Horschel's supervisor at the BLM/AFS, Pat O'Brien was replaced with an acting supervisor, Tom St. Clair, during early June 2011.

37. Plaintiff Horschel requested a reasonable accommodation reassignment from Mr. O'Brien during May 2011 and from her acting supervisor, who she believes was Mr. St. Clair at that time, during June 2011. Plaintiff Horschel's initial request for a reassignment during May 2011 was ignored by the BLM and her request during June 2011 was initially denied and Plaintiff Horschel sought reconsideration.

38. During the time period that the BLM/AFS considered Plaintiff Horschel's reasonable accommodation reassignment request and reconsideration of its initial denial, her acting supervisor, Mr. St. Clair worked with the BLM personnel office

and the Interior Department Solicitor's office to change Plaintiff Horschel's job description to require that Plaintiff Horschel be physically present in Galena, Alaska, to perform her job duties. The Defendant BLM's agents wanted to change Plaintiff's job description to require that her work be physically performed in Galena, Alaska, so that if she was not mentally or physically well enough to travel to work in Galena, Alaska, and could not obtain additional leave through the leave share program, that Defendant BLM could terminate Plaintiff Horschel from her federal employment.

39. Tom St. Clair, the BLM personnel office and Helen Stewart, head of the BLM Personnel Office, wanted to change Plaintiff Horschel's job description during 2011 to require that Plaintiff Horschel be physically be present in Galena, Alaska, for her job duties, so that the BLM/AFS would have grounds to terminate Plaintiff Horschel's BLM employment, if Plaintiff Horschel could not return to work in Galena, Alaska. These actions constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

40. Tom St. Clair, in conjunction with Helen Stewart at the DOI/BLM combined Personnel office and the personnel at the Interior Department Solicitor's office conspired to deny Plaintiff Horschel's Reconsideration Request regarding Plaintiff Horschel's Reasonable Accommodation Reassignment request, by intentionally misconstruing federal law and discriminating

Horschel v. Zinke
page 13

against Plaintiff Horschel on the basis of her disabilities, Race (Asian), National Origin(Vietnamese ancestry), Sex (Female), color (Brown) and reprisal for prior protected activity, when they denied Plaintiff Horschel's Reconsideration Request concerning Plaintiff Horschel's reasonable accommodation reassignment request in October 2011.

41. Contrary to the conclusions reached in the BLM's reconsideration decision concerning Plaintiff Horschel's 2011 Reasonable Accommodation Reassignment request, the aggravation of Plaintiff Horschel's disabilities to the point that she needed a reasonable accommodation reassignment was not as a result of conflict between Plaintiff Horschel and her supervisor Pat O'Brien, because Plaintiff Horschel's supervisor Pat O'Brien was AWOL from his position at the BLM/AFS from early June 2011 and had no further interactions with Plaintiff Horschel after the end of May, 2011. Medical evidence submitted by Plaintiff Horschel clearly identified her general work environment and her perception that she had been treated unfairly or had been discriminated against by the BLM as the cause of the aggravation of her disabilities and aggravation of her symptoms to the point that she need a reassignment reasonable accommodation.

42. The other reason articulated by the BLM/AFS for its October 2011 denial of Plaintiff Horschel's Reconsideration of the denial of her reasonable accommodation reassignment request, that it would not be effective, was not supported by any medical evidence and was instead based on a stereotype of Plaintiff Horschel's medical condition formed by Tom St. Clair, Helen Stewart and members of the DO Solicitor's office. While

Defendant's agents maintained that they had conducted a job search for Plaintiff Horschel, they failed to follow the DOI or BLM Reasonable Accommodation policy for reassignment requests regarding the job search.

43. The BLM/AFS decision to deny Plaintiff Horschel's request to reconsider its initial denial of Plaintiff Horschel's reasonable accommodation reassignment request constituted disparate treatment of Plaintiff Horschel, because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

44. Plaintiff Horschel was further discriminated against by the BLM when she was not interviewed for or selected by Ms. Ross for one of two Legal Instrument Examiner positions hired by Ms. Ross at the Fairbanks District Office during the fall of 2011. Plaintiff Horschel was highly qualified for the two Legal Instrument Examiner positions, had timely submitted her applications and was determined to be highly qualified for both positions.

45. Ms. Ross subsequently declined to allow Plaintiff Horschel to interview for either position, allowed others who were substantially lesser qualified that Plaintiff Horschel to interview for the positions and subsequently nonselected Plaintiff Horschel for both positions and instead hired Caucasian males with substantially lesser qualifications for both positions. The non-selection and failure to interview Plaintiff Horschel constituted disparate treatment of Plaintiff Horschel,

because of her Race (Asian), national origin (Vietnamese ancestry), color (Brown), sex (Female), disability discrimination (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for Plaintiff's prior protected activity.

46. On or about February 23, 2012, Plaintiff Horschel submitted another reasonable accommodation request to her acting supervisor Tom St. Clair, identifying a temporary vacant position that was available for Plaintiff Horschel which she was full qualified for, a detail to the Forestry Technician, Intelligence Officer at the Alaska Inter-Agency Coordination Center. Tom St. Clair denied Plaintiff Horschel's February 23, 2012, reasonable accommodation request without complying with the Defendant's reasonable accommodation policy.

47. During March 2012, Ms. Horschel asked her acting supervisor, Tom St. Clair if she could receive training to be an EEO Counselor for the AFS. Mr. St. Clair told Ms. Horschel that employees who worked for him in his zone did not have time for collateral duties as an EEO Counselor.

48. During October 2011, Plaintiff Horschel learned that Tom St. Clair had failed to prepare performance standards for her position, had failed to prepare a mid-year evaluation for her and subsequently could not provide her with an official 2011 performance evaluation. Mr. St. Clair's actions were intentional and designed to harm Plaintiff Horschel by denying her the ability to show her job performance for 2011, which would interfere with her ability to find another job in the BLM or elsewhere in the federal government and to eventually allow the Defendant's agents to terminate her federal employment if she

could not attend work and did not have any leave or leave-share to use.

49. Ms. Horschel alleges that she was subjected to discrimination against her on the basis of her color (Brown), race (Asian), national origin (Vietnamese), disability (Severe Anxiety, Severe Depression, Severe PTSD) and in reprisal for her prior protected activity, by denial of her February 23, 2012, reasonable accommodation request by the Agency and denial of her March 2012 request to be considered for collateral duty training as an EEO counselor.

50. The incidents described above were discriminatory against Plaintiff Horschel on the basis of her Race (Asian), National Origin (Vietnamese ancestry), Sex (Female), color (Brown) disabilities and in reprisal for prior protected activity. The unauthorized disclosures of Plaintiff's confidential medical information by BLM and DO personnel were violations of Plaintiffs' rights under the Americans with Disabilities Act and Rehabilitation Act and created a hostile work environment for Plaintiff Horschel.

51. The discriminatory events described above proximately caused Plaintiff Horschel to suffer emotional distress, past and future, out of pocket expenses and incidental financial losses, aggravation of her pre-existing disabilities, medical expenses, past and future, lost wages, past and future.

52. Plaintiff Horschel fully exhausted her administrative remedies regarding the above-referenced discrimination claims by meeting with an EEO counselor and filing formal complaints for discrimination with the Agency in Agency case numbers BLM-11-

0165, BLM-11-0549 and BLM-12-0180.

53. Plaintiff Horschel timely requested EEOC hearings for each of her agency administrative complaints and they were assigned EEOC case hearing numbers 551-00045X, 551-2012-00125X and 551-2012-00157X, which cases were consolidated before the EEOC Seattle office and subsequently dismissed by the EEOC administrative judge.

54. Plaintiff Horschel filed a timely appeal of the EEOC administrative judge's dismissal ruling and the ruling was partially upheld and partially dismissed via a decision from the EEOC Office of Federal Operations which was received by Plaintiff Horschel on or about December 11, 2017. See Exhibit "A" OFO EEOC decision.

55. Plaintiff Horschel demands a jury trial in this case of all issues triable to a jury under federal law.

WHEREFORE, Plaintiff Esther Horschel, respectfully requests that this Court:

1. Enter a declaratory judgment, pursuant to 28 U.S.C. §2201 and 2202, that Defendant's agent(s) nonselection of Plaintiff Esther Horschel for the GIS and Fire Coordinator positions during 2010, and Legal Instrument Examiner positions during 2011, were unlawful discrimination against Plaintiff on account of her national origin (Vietnamese ancestry), race (Asian), color (Brown), sex (Female) and in reprisal for her prior protected activities.

2. Enter a declaratory judgment, pursuant to 28 U.S.C. §2201 and 2202, Americans with Disabilities Act, Rehabilitation Act (29 U.S.C. § 701 et seq.; 42 USC 12112(d) and 29 C.F.R.

§1630.14(c)(1)) that Defendant's agent(s) unauthorized disclosure of Plaintiff's confidential medical information was unlawful discrimination against Plaintiff Horschel and a violation of the Americans with Disabilities Act and Rehabilitation Act.

3. Issue a mandatory injunction directing the Defendant to pay Plaintiff Esther Horschel her costs and attorney's fees for the administrative complaint stage of this proceeding.

4. Issue a prohibitory injunction to enjoin Defendant from any further acts of discrimination prohibited by Title VII or violation of the Americans with Disabilities Act and Rehabilitation Act by any future unauthorized disclosure of confidential medical information, against Plaintiff Esther Horschel.

5. Issue a prohibitory injunction to place Plaintiff in the position she would have occupied absent the discrimination.

6. Enter a judgment against the Defendant and in favor of the Plaintiff for lost wages, past and future, front pay, back pay, compensatory damages for emotional distress and pain and suffering, medical bills, past and future, out of pocket expenses and incidental financial losses incurred by Plaintiff Horschel on account of Defendant's agents and employees unlawful reprisal and discriminatory practices.

7. Enter a judgment against the Defendant and in favor of the Plaintiff Esther Horschel for back pay and front pay.

9. Enter a judgment for the Plaintiff Esther Horschel for reasonable attorney's fees and costs pursuant to §706(k) of Title VII, 42 U.S.C. §2000e-5(k);

9. Award Plaintiff Esther Horschel prejudgment interest as

Horschel v. Zinke
page 19

allowed by law;

10. Award Plaintiff Esther Horschel such further and additional relief as the Court may deem just and proper.

DATED this 25th day of February, 2018, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

_____
Robert A. Sparks
Attorney for Plaintiff
Esther Horschel
Membership No.: 8611139