Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701-6225
907-451-0875 Telephone
888-777-4352 FAX
sparkslawoffice@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTHER HORSCHEL, <br><br> Plaintiff, <br> v. <br><br> DAVID BERNHARDT <br><br> Secretary of the DEPARTMENT OF THE INTERIOR, <br><br> Defendant. | Case No. 4:18-CV-00006-HRH <br><br> PLAINTIFF HORSCHEL'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME |

Defendant's Opposition fails to acknowledge the severity of Plaintiff's illness and misconstrues authorities it cites in opposition to Plaintiff's Motion.  Plaintiff's Motion is supported by the Affidavit of Robert John.[1]

Defendant falsely claims that Plaintiff's attorney represented in Plaintiff's original motion that the severity of Plaintiff's illness was a new development.  See Opposition at p. 2.  However, nothing could be further from the truth.  As the court should be well aware from review of the medical evidence presented in support of Plaintiff's earlier Opposition at docket motion at dockets 67, 79 and 93.  Plaintiff's condition has been severe for quite some time and her condition has been generally declining.  The uncontested evidence presented by Plaintiff

---

[1] While only the signature page of Mr. John's affidavit was erroneously filed in support of the present motion, the affidavit is also filed at docket 95.

Horschel demonstrates that her medical condition was severely aggravated by the earlier defense psychological examination in this case and that she needed additional time to provide the discovery requested by the Defendant.

Providing verifications to interrogatories is stressful for Plaintiff and causes her increased anxiety. Plaintiff never said or implied that this is the first time that this type of aggravation of Plaintiff's medical condition has occurred.

A party may ask that the court extend the time to do an act before that time expires. FRDP 6(b)(1)(A). Federal Rule of Civil Procedure 6(b)(1)(A) permits the court to grant an extension of time for "good cause," with or without a motion or notice. <u>Jenkins v. Commonwealth Land Title Ins.</u>, 95 F.3d 791, 9795 (9th Cir. 1996). Good cause is a nonrigorous standard that has been construed broadly. <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1259-60 (9th Cir. 2010).

Defendant's attorney agreed to schedule the deposition of Defendant's employee Marlene Eno Hendren in this case for November 17, 2020. Robert Sparks Affidavit (exhibit "1" email to Seth Beausang). Mr. Beausang originally offered to schedule the deposition for either November 10 or 17 and agreed to Plaintiff's intent to schedule the deposition on 11/17/20. Amazingly, Defendant has filed a motion to quash the subpoena at docket 99, without mentioning that Defendant's attorney expressly agreed to schedule this deposition and expressly agreed to schedule this deposition after the close of discovery.

Plaintiff would suggest that instead of punishing Plaintiff for her disability, that it would make more sense to extend the

Plaintiff's Reply to Defendant's Opposition
to Plaintiff's Motion for Additional Extension of Time
page 2

discovery deadlines in this case by 30 additional days to accommodate Plaintiff's requested extension of time, rather than needlessly further aggravate Plaintiff's serious medical condition.

Defendants reliance on Frank v. Paddy's Inheritance Inc., 2015 WL 7731439, at *2 (S.D. Fla. Mar. 2, 2015) is unavailing, as the case actually supports Plaintiff Horschel's position. In Frank the pro se Plaintiff became embroiled in a discovery dispute with the Defendant and then failed to show up at a discovery hearing, or either of 2 subsequently-scheduled hearings to show cause. Id. at 3-4. The court's order setting the show cause hearing mentioned dismissal of the case as a possible sanction. Id. at 2. The court requested that the Plaintiff provide medical evidence of his condition. Id. at 3-4. The Plaintiff failed to produce any medical evidence supporting his claimed disability and failed to appear and the second show cause hearing. Id. at 3-4. The court held, "However, Plaintiff must provide proof of a medical condition before he can legitimately demand relief from the schedules and rules that all other litigants obey." Id. at 5.

The District Court Judge upheld the Magistrate's recommended dismissal stating:

> Due to repeated failures to produce certain discovery and due to repeated failures to appear at scheduled hearings, which prompted the Court to issue multiple orders to show cause, Judge Brannon recommends that this case be dismissed with prejudice.

Frank v. Paddy's Inheritance Inc., 2015 U.S. Dist. LEXIS 162155 * 1, 2015 WL 7731449 *1 (D Ct. 2015).

Plaintiff's Reply to Defendant's Opposition
to Plaintiff's Motion for Additional Extension of Time
page 3

Contrary to the situation in Frank, Plaintiff Horschel has not missed any hearings, has not had repeated failures to comply with court orders, and has provided substantial medical evidence supporting her extension requests, from her psychologist and her medical doctor. Plaintiff has provided the court with the affidavit of her husband, Robert John, in support of her most recent request.

Plaintiff Horschel respectfully requests that this court grant her an extension for 30 days for her to provide the verifications and interrogatory responses requested by Defendant and to extend the other pretrial deadlines in this case to avoid any potential prejudice to Defendant.

DATED this 12th day of November, 2020, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
Esther Horschel
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the a copy of this document was served
electronically on the following:

Seth M. Beausang, Assistant U.S. Attorneys
U.S. Attorney for the District of Alaska
222 West 7th Avenue, Room 253, #9
Anchorage, Alaska 9513

this 12th day of November, 2020.
LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks

Plaintiff's Reply to Defendant's Opposition
to Plaintiff's Motion for Additional Extension of Time
page 4