BRYAN SCHRODER
United States Attorney

DUSTIN M. GLAZIER
SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Dustin.Glazier@usdoj.gov
Seth.Beausang@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTHER HORSCHEL,<br><br>    Plaintiff,<br><br> vs.<br><br>DAVID BERNHARDT,<br>SECRETARY OF THE<br>DEPARTMENT OF THE<br>INTERIOR,<br><br>    Defendant. | Case No. 4:18-cv-00006-HRH |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA FOR MARLENE ENO-HENDREN DEPOSITION**

After Defendant agreed to schedule the deposition of Marlene Eno-Hendren, Plaintiff informed Defendant that she would not respond to the

Defendant's interrogatories, overdue for more than a year, by the court-ordered deadline of November 3, 2020. The Court should not allow Plaintiff to continue to take discovery of Defendant while Plaintiff is purportedly not able to meet her own discovery obligations.

Plaintiff argues that the Court should extend all deadlines in this case, including the discovery deadline, by 30 days, in order to "avoid any potential prejudice to Defendant." Dkt. 100 at 4. The requested extension would allow Plaintiff to continue to pursue one-sided discovery. As explained, the Court should order Plaintiff to respond to the overdue discovery by a date certain and stay all discovery and deadlines until she complies.

On June 10, 2020, Plaintiff committed to providing "as much of the discovery responses and verification[s] of the Interrogatory responses as we can reasonabl[y] provide by June 19, 2020." Dkt. 64-7 at 1. Five months later, and despite an intervening court order, Plaintiff has provided no additional responses, and no verifications. Through her attorney, she procured her most recent extension of time by representing that she had "previously been a very intelligent and helpful client" during the administrative phase of this case, when in fact, during that phase, she also claimed her mental illness prevented her from responding to written discovery. Dkt. 96 at 2-3. The same claim she has been making in this case for more than a year.

If the Court is not inclined to stay the pre-trial deadlines until Plaintiff complies and further delay this case, the Court should consider all other remedies for Plaintiff's conduct, including dismissing this case.[1] At a minimum, the Court should quash the deposition of Ms. Eno-Hendren.

RESPECTFULLY SUBMITTED this 13th day of November 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Seth M. Beausang
SETH M. BEAUSANG
Assistant U.S. Attorney
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020,
a true and correct copy of the foregoing
was served electronically on the following:

Robert A. Sparks

s/ Seth M. Beausang
Office of the U.S. Attorney

---

[1] Plaintiff claims this case is distinguishable from *Frank v. Paddy's Inheritance Inc.*, No. 14-61312-CIV, 2015 WL 7731439 (S.D. Fla. Mar. 2, 2015), because she has supposedly provided "substantial medical evidence" of her inability to meet her discovery obligations. The Court should reject as clearly insufficient her most recent "medical evidence," an affidavit from her husband, Robert John (who is also one of her attorneys).

*Horschel v. Bernhardt*
4:18-cv-00006-HRH                    Page 3 of 3