LAW OFFICES

# ROBERT A. SPARKS

ATTORNEY AT LAW
1552 NOBLE STREET
FAIRBANKS, ALASKA 99701
PH: (907) 451-0875
FAX: (907) 451-9185

August 11, 2011

VIA FAX: 907-271-4573/907-271-4596
CERTIFIED MAIL: 7010 3090 0002 7361 3440

Julia Dougan
Associate State Director
BLM Alaska State Office
222 West Seventh Ave., #13
Anchorage, Alaska 99513

Elise M. White    7010 3090 0002 7361 3457
Office of Civil Rights
BLM Alaska State Office
222 West Seventh Ave., #13
Anchorage, Alaska 99513-7599

Re: Horschel, Esther,

Dear Ms. White and Ms. Dougan:

    As you know, I represent Ms. Horschel regarding her requests for reasonable accommodation from the AFS/BLM for Ms. Horschel's disabilities. I called Ms. White's office and left a message for her to call me both yesterday morning and this morning. Ms. White's phone message today said that she was in the office today. Due to Ms. White's failure either of my phone calls, I had to call the receptionist at BLM to obtain Ms. White's office fax number.

    Ms. Horschel has submitted additional medical evidence in the form of a letter from her doctor, Psychologist Laura Brown Phd, to Kent Slaughter via a letter mailed to him on July 14, 2011. I have enclosed an additional copy of my letter to Mr. Slaughter and Dr. Brown's letter.

    According to the Department of Interior Reasonable Accommodation Request regulations, 8330.6((B) Reconsideration, Ms. Horschel had five (5) business days following her receipt of Mr. Slaughter's letter on July 8, 2011, within which to submit additional medical evidence to the BLM concerning her request for reasonable accommodation. Mr. Slaughter then had five days to respond to her request for reconsideration. While Ms. Horschel's reconsideration request was timely submitted, it does not appear that Mr. Slaughter has provided a decision within the time allotted by the regulations.

Case 4:18-cv-00006-HRH   Document 125-11   Filed 04/16/21   Page 1 of 2
Case 4:18-cv-00006-HRH   Document 152-12   Filed 07/12/21   Page 1 of 9
Exhibit 9 146 pg1

Please let me know if this regulation is changed or if Ms. Horschel should submit her additional medical evidence to someone else. Please let me know specifically if Mr. Slaughter has failed to issue a decision on Ms. Horschel's reconsideration request within the time allotted by the regulations. If you maintain that Ms. Horschel's reconsideration request was untimely or invalid for any reason, please let me know. If you contend that the reasonable accommodation regulations do not allow Ms. Horschel to submit a request for reconsideration within five days to her supervisor, please send me copies of the regulations that you maintain apply to her request.

Ms. Horschel has also requested an additional reasonable accommodation in the nature of an extension of her detail to the BLM Fairbanks District office for an additional 30 days. I have not received any response from Ms. White or Mr. Slaughter about this request. Please let me know the status of Ms. Horschel's request. Please let me know if her most recent request should have been submitted to someone else.

Due to the expiration of Ms. Horschel's detail to the BLM Fairbanks District Office on Friday August 12, 2011, the fact that the re-assignment of Ms. Horschel to the Alaska Fire Service will aggravate her medical condition and disabilities and cause her to suffer panic attacks, Ms. Horschel asks that her request for reasonable accommodation in the nature of an extension of her detail be considered on an expedited basis under Regulation .5(B)(7)(a). The position Ms. Horschel was detailed to at the Fairbanks District Office is vacant and BLM's intent is to detail a person from the Anchorage office to fill the position demonstrates that it would not be an undue hardship to the agency to accommodate Ms. Horschel's request for a reasonable accommodation.

Please let me know if you have any questions.

Sincerely,

THE LAW OFFICE OF ROBERT A. SPARKS

/s/

Robert A. Sparks
Alaska Bar No. 8611139

enc: 7/14/11 Slaughter letter (w/enc)
cc: Client



# LAW OFFICES
# ROBERT A. SPARKS
ATTORNEY AT LAW
1552 NOBLE STREET
FAIRBANKS, ALASKA 99701
PH: (907) 451-0875
FAX: (907) 451-9385

September 12, 2011

VIA FAX: 907-271-4575
CERTIFIED MAIL: 7010 3090 0002 7361 3563

Thomas St. Clair
Galena Fire Management Officer (acting)
BLM Alaska State Office
222 West Seventh Ave., #13
Anchorage, Alaska 99513-7599

Re: Horschel, Esther Reasonable Accommodation

Dear Mr. St. Clair:

As you know, I represent Ms. Horschel regarding her requests for reasonable accommodation from the AFS/BLM. I have enclosed a copy of two additional letters from Dr. Parker and Dr. Brown.

Ms. Horschel needs a permanent reassignment to a comparable position. Ms. Horschel would accept a reassignment to one of the two vacant land law examiner positions that she performed during her detail or to a realty specialist position at the Fairbanks District Office or any comparable positions. It is Ms. Horschel's understanding that there are currently two positions vacant at the Fairbanks District Office for the land law examiner and at least one position coming vacant in the near future for a realty specialist position.

Ms. Horschel would be happy to discuss her request for reasonable accommodation, her medical evidence or her reassignment with you in the hope of resolving her request for a reasonable accommodation. Please let me know if you wish to schedule a meeting.

Exhibit AA

Mr. St.Clair letter
Horschel RAR
September 12, 2011
page 2 of 2

Please let me know if you have any questions.

Sincerely,

THE LAW OFFICE OF ROBERT A. SPARKS

Robert A. Sparks
Alaska Bar No. 8611139

enc: Dr. Brown 8/17/11
     Dr. Parker 9/8/11

cc: Client

SEP 08 2011

# LAURA S. BROWN, PH.D. ABPP

### DIPLOMATE IN CLINICAL PSYCHOLOGY
### 3429 FREMONT PLACE N. #319 SEATTLE WA 98103
### (206) 633-2405/FAX (206) 547-5298
### lsbrownphd@ce.com

August 17, 2011

TO: Thomas St. Clair, Acting Fire Officer, Galena Zone, Alaska Fire Service
Bureau of Land Management

RE: Esther Horschel request for reasonable accommodations to a disability

Dear Mr. Sinclair:

    Ms. Horschel has forwarded your letter of August 15th to me. In regard to your requests for clarification and details, please note the following:

1. You have asked how Ms. Horschel's work setting affects her abilities to sleep, concentrate, and attend. In my opinion, the conditions in Ms. Horschel's usual worksite are the specific catalyst for this episode of Major depressive disorder, and serve as the factor that aggravated and made symptomatic her previously asymptomatic case of Post traumatic stress disorder. She perceives that workplace to be discriminatory and retaliatory, and thus psychologically unsafe. Remaining in that workplace led to a serious deterioration in her mental health from its previous state of stability and adequate functioning. In my opinion, the conditions of that workplace are the most proximate causes of the underlying disorders leading to impairments in the essential functions of sleep, concentration, and attention.

2. All of these impairments, which are symptoms of her diagnosed conditions, Major depressive disorder and Post traumatic stress disorder, are severe in nature. As best as I can ascertain in regard to duration, these problems arose in the context of certain events in Ms. Horschel's regular worksite in mid-2010, and persist through the present time. They were ameliorated to moderate level during the period in which she was detailed out of her usual worksite. This change in symptoms when Ms. Horschel was moved from the workplace that she experiences as psychologically unsafe serves as the foundation for my recommendation that she receive a continuing placement outside of that regular worksite until such time as all issues regarding her EEOC claim have been resolved.

3. Impaired sleep has a global impact on Ms. Horschel's capacities to function in all aspects of her workplace. Impaired attention and concentration also have global

impact. Based upon the information available to me, Ms. Horschel's capacities to sleep, attend, and concentrate were sufficiently improved by her removal from her usual work setting that she was able to perform all aspects of her job there. Any return to the work site in which she perceives herself to be a target of discrimination and retaliation will lead to an aggravation of these symptoms and globally affect her ability to perform the functions of any job to which she is assigned in that work setting. Conversely, in a work setting where she is not experiencing herself as being discriminated and retaliated against, her symptoms ameliorate and she is able to perform all tasks for which she is trained. It would be impossible to identify specific components of the job that she performed in her previous worksite that are more or less affected by the impairments arising from her disability. All of the described components of the job description for Forestry Technician/Fire Dispatch are cognitive tasks. Cognitive functioning is globally impaired by severe sleep disturbance. Impairments of attention and concentration can and will affect performance in any cognitive task. *It is important to note that these impairments are setting-specific, in that Ms. Horschel becomes less symptomatic when she is in a work setting that she perceives to be non-discriminatory and non-retaliatory, and highly symptomatic in the work setting where she perceives herself to be psychologically unsafe.*

I continue to recommend that Ms. Horschel be accommodated for her disability by being re-assigned to a work setting in which her underlying disorders are not rendered highly symptomatic. She is very likely to have her symptoms return to a manageable level that does not impair her capacities at all when she is in a different work setting. *If she is required to return to her original work setting she is at risk of becoming more disabled and at risk of further mental health problems.* The fundamental requirement for treatment of Post traumatic stress disorder is that the patient have a current life environment that they perceive to be safe. The absence of such safety in daily life makes treatment ineffective. Thus, even though Ms. Horschel has diligently sought care and treatment for her conditions, failure to accommodate her in an on-going fashion will render her efforts of little use.

Please feel free to contact me should you require more details regarding my diagnosis of Ms. Horschel and my recommendations for accommodations to her disability.

Sincerely,

Laura S. Brown, Ph.D. ABPP
Diplomate in Clinical Psychology



**Alaska Medical Psychology**
1030 Meadow Mouse Rd
Fairbanks, Alaska   99709

---

September 8, 2011

To Whom It May Concern:

This is regarding Esther Horschel (date of birth 12-18-1978).

In my medical opinion, Ms. Horschel continues to be unable to work in her position as a forestry technician at the Alaska Fire Service at Fort Wainwright, due to severe anxiety and stress related to her specific work situation.

Ms. Horschel has a disability that should be reasonably accommodated by reassigning her to work in a different office with different supervisors. Again, *she is capable of working*, just not at the Alaska Fire Service at Fort Wainwright.

In my opinion, Ms. Horschel should be excused from work because of her medical condition for the time period from August 26th through September 17th.

Stephen Parker/ex

Stephen Parker, Ph.D.
Clinical Psychologist
Alaska License #181
907-479-6008

Page 1 of 1

# Medical documentation
1 message

Esther Horschel <eahorschel@alaska.edu>

Esther Horschel <eahorschel@alaska.edu>     Wed, Mar 7, 2012 at 6:47 PM
To: "Thomas B St. Clair" <tstclair@blm.gov>

Tom,

Please see the attached medical documentation from my doctor that you requested.

Esther

---

📎 Dr. Parker letter.pdf
12K



Alaska Medical Psychology
1030 Meadow Mouse Rd.
Fairbanks, Alaska  99709

March 6, 2012

To Whom It May Concern:

It is my understanding that Esther Horschel has a potential opportunity of temporary re-assignment to reasonably accommodate her current disability.

She tells me the work is an intelligence officer at the Alaska Interagency Coordination Center. From talking with her about the position and her readiness to work, is my opinion that it would be important to give her the opportunity to see if this job could work out for her.

It is also important to offer her the opportunity to attend the classroom trainings. She is ready and willing to work and attend training; this would include any pre-work training, and working remotely at home if needed.

I will be working with her regarding issues that arise during work or training; if insurmountable issues arise during the course of the work, then we will deal with at that time.

Stephen B. Parker, Ph.D
Stephen Parker, Ph.D.
Clinical Psychologist
Alaska License #181

March 6, 2012